UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD KEVIN OSCEOLA, JESSICA OSCEOLA,

    Plaintiffs,

v.

THOMAS FORSYTH, AN INDIVIDUAL, SUPERINTENDENT, NATIONAL PARK SERVICE; PEDRO RAMOS, AN INDIVIDUAL, SUPERINTENDENT OF FLAMINGO AND DRY TORGUGAS NATIONAL PARK AND THE U.S. DEPARTMENT OF THE INTERIOR NATIONAL PARK SERVICE; AND U.S. DEPARTMENT OF THE INTERIOR NATIONAL PARK SERVICE,

    Defendants.

Case No. 2:24-cv-1131-SPC-KCD

## **ORDER**

Plaintiffs allege that Defendants unlawfully deprived them of property on the Big Cypress National Preserve. They bring claims for various Constitutional violations. (*See* Doc. 21.)[1]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Defendants have moved to dismiss the complaint based on sovereign and qualified immunity. (Doc. 24.) They now ask the Court to stay discovery while their motion awaits disposition. (Doc. 25.) Plaintiffs have no opposition to the request. (Doc. 27.) For the reasons below, the motion is granted.

"Pursuant to Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion." *Caicedo v. DeSantis*, No. 6:23-CV-2303-JSS-RMN, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024). But staying discovery is the exception, not the rule. *See* Middle District Discovery Handbook (2021) at 5. The pendency of a dispositive motion "will not justify a unilateral motion to stay discovery pending [its] resolution." *Id*.

Rather, "a stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Garvin v. Effingham Cnty. Sch. Dist.*, No. CV423-337, 2024 WL 2092990, at *1 (S.D. Ga. May 7, 2024). This is because "[d]elays in discovery can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Caicedo*, 2024 WL 1579675, at *1.

Also relevant here, the Eleventh Circuit has recognized that claims of immunity often call for protection from discovery because subjecting officials to traditional discovery for acts where they are immune would undercut the

protection immunity was meant to afford. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); *Overcash v. Shelnutt*, 753 F. App'x 741, 746 (11th Cir. 2018) ("The very purpose of the immunity defenses raised by the judicial and officer defendants is to protect them from having to bear the burdens attendant to litigation."); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (finding the trial court abused its discretion when it ordered the defendant to submit a joint discovery plan because a potentially immune defendant should not be subject to litigation "beyond the point at which immunity is asserted").

Because Defendants' motion to dismiss raises serious questions about the viability of the complaint that must be resolved before they are burdened with discovery and other pretrial obligations, a stay is appropriate. (Doc. 25.) If Defendants are indeed entitled to immunity, their motion will dispose of Plaintiffs' entire case and moot any discovery.

Accordingly, the motion to stay discovery (Doc. 25) is **GRANTED**.

**ORDERED** in Fort Myers, Florida on August 26, 2025.

Kyle C. Dudek
United States Magistrate Judge