UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD KEVIN OSCEOLA and
JESSICA OSCEOLA,

Plaintiffs,

v. Case No.: 2:24-cv-1131-SPC-KRH

THOMAS FORSYTH, PEDRO
RAMOS, and U.S. DEPARTMENT
OF THE INTERIOR NATIONAL
PARK SERVICE,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendants Thomas Forsyth, Pedro Ramos, and the United States Department of the Interior National Park Service's Motion to Dismiss. (Doc. 40). Plaintiffs Todd Kevin Osceola and Jessica Osceola responded. (Doc. 43). For the below reasons, the Court grants the motion.

This appears to be an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny involving a land dispute. But the Court wastes no time addressing the facts or claims because it already did so in a prior order dismissing Plaintiffs' amended complaint. (Doc. 36). In that Order, the Court outlined a litany of issues, virtually none of which Plaintiffs have rectified in the second amended

complaint. But the Court need only address one such deficiency: shotgun pleading.[1]

The Court previously observed that Plaintiffs' amended complaint was a shotgun pleading because it adopted the allegations of all preceding counts; was replete with conclusory, vague, and immaterial facts; and asserted multiple claims against multiple defendants without specifying which applies to which. (Doc. 36 at 8 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015))). And the Court warned that "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Yet the same issues persist in Plaintiffs' second amended complaint.

Most notably, the pleading again incorporates into each count all 65 paragraphs of jurisdictional, party, and factual allegations, regardless of the claim or against which Defendant it is asserted. (*See generally* Doc. 37). This is a quintessential shotgun pleading. *See Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" and

---

[1] Although Defendants do not move to dismiss on shotgun pleading grounds, district courts may *sua sponte* dismiss complaints on such grounds. *See Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (affirming sua sponte dismissal of amended complaint as an "impermissible shotgun pleading.").

then "[t]he general allegations are incorporated by reference into each count of the complaint."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding the complaint was an "all-too-typical shotgun pleading" because "[e]ach count has two numbered paragraphs, the first of which incorporates by reference all forty-three paragraphs of factual allegations"); *Tennison v. City of Decatur, Alabama*, No. 5:25-CV-1466-HDM, 2026 WL 539472, at *4 (N.D. Ala. Feb. 26, 2026) ("This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading.").

Additionally, Plaintiffs once again assert multiple claims without specifying against whom the claims are brought. In counts I and II, Plaintiffs allege that "Defendant's actions" violated the constitution. (Doc. 37 ¶¶ 67, 70). But given there are three Defendants, it is entirely unclear to which Defendant these counts pertain. And Plaintiffs continue to assert conclusory, vague, and seemingly immaterial facts. (*See, e.g.*, Doc. 37 ¶¶ 43–63).

Because Plaintiffs' second amended complaint is still a shotgun pleading (among the other persisting deficiencies that the Court does not bother to address), the Court dismisses Plaintiffs' complaint with prejudice. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (holding district court did not abuse its discretion in dismissing seconded amended complaint on shotgun pleading grounds after it previously gave plaintiff an opportunity

to amend); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (explaining the court would not have abused its discretion had it dismissed the amended complaint with prejudice on shotgun pleading grounds without further addressing the merits).

Accordingly, it is now **ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 40) is **GRANTED**.
2. Plaintiffs' seconded amended complaint (Doc. 37) is **DISMISSED with prejudice.**
3. The Clerk is **DIRECTED** to enter judgment for Defendants, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record